IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| SALMA HAMMAD ALNAIRAB | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-368-JHP-PJC |
| | ) | |
| OKLAHOMA EMPLOYMENT | ) | |
| SECURITY COMMISSION | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are the plaintiff's Complaint [Doc. No. 1] and Motion for Leave to File Action Under Title VII of the Civil Rights Act of 1964 (42 USC §2000e-5) Without Payment of Fees, Costs or Security and Supporting Affidavit [Doc. No. 2]. Plaintiff Salma Hammad Alnairab ("Plaintiff"), proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff requests judicial review of the determination of the Oklahoma Employment Security Commission ("Commission") that Plaintiff was overpaid benefits in the amount of $2,939.41.

Plaintiff seeks to commence this action without payment of fees because of her inability to pay. Plaintiff's Motion is therefore governed by the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), which permits a court to authorize the commencement of "any suit" "without prepayment of fees or security" by a person who submits an affidavit stating that he or she is unable to pay.[1] To prevent frivolous litigation by such litigants, however, the statute authorizes federal courts to dismiss a case *sua sponte* that is filed *in forma pauperis* if, *inter alia*, the action

---

[1] This statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). To this end, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). The complaint must "allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). While the court must construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Plaintiff asserts that this Court has jurisdiction over this matter pursuant to Title VII, 42 U.S.C. § 2000e-5. Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e *et seq.* However, Plaintiff does not assert any factual allegations related to unlawful employment practices. Rather, Plaintiff seeks judicial review of the Commission's decision regarding overpayment of benefits. [Doc. No. 1]. The Opinion of the Commission's Board of Review, attached to the Complaint, confirms that Plaintiff's claim does not pertain to employment discrimination. Accordingly, Plaintiff's allegations do not state a colorable federal claim under Title VII. As a result, the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10

(2006). The case should be dismissed under § 1915(e)(2) for failure to state any federal claim upon which relief can be granted.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's claim is dismissed for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to File Action Under Title VII of the Civil Rights Act of 1964 (42 USC §2000e-5) Without Payment of Fees, Costs or Security and Supporting Affidavit [Doc. 2] is denied as moot.

**SO ORDERED this 13th day of July, 2015.**

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2] The Court notes that the Opinion of the Board of Review states:

> Within 30 days after the mailing date of this decision, as shown opposite, further written appeal for judicial review may be filed in the District Court of claimant's county of residence or in the District Court of Oklahoma County if claimant is not a resident of Oklahoma, in accordance with Section 2-610, Title 40, Ok. Stat."

[Doc. No. 1]. To the extent Plaintiff relies on this notice in filing her appeal in federal district court, Plaintiff misunderstands the relevant statute. 40 Okla. Stat. § 2-610 grants a right of appeal in a county district court, not a federal court. In this case, it appears that Plaintiff filed her claim in the wrong court.